UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>  Plaintiff,<br><br>  v.<br><br>SCOTT D. FARAH,<br>DONALD E. DODGE,<br>FINANCIAL RESOURCES MORTGAGE, INC., and<br>C L and M, Inc.<br><br>  Defendants,<br><br>  -and-<br><br><br>CENTER HARBOR CHRISTIAN CHURCH<br><br>  Relief Defendant | Case No. 1:10-cv-0035 |

**[PROPOSED] PRELIMINARY INJUNCTION ORDER
AND ORDER  FOR OTHER EQUITABLE RELIEF**

**WHEREAS** the Court has considered the Complaint and the Motion for a Preliminary Injunction Order and Order for Other Equitable Relief  (the "Motion") filed by plaintiff Securities and Exchange Commission ("Commission") and also the Consent of Defendant Scott D. Farah ("Farah"); and

**WHEREAS** the Defendant Farah, without admitting or denying any of the allegations of the Complaint, except as to jurisdiction, which he admits, has reviewed this Preliminary Injunction Order and Order for Other Equitable Relief (the "Order") and consented to its immediate entry without an adjudication of the merits on any issue of fact or law; and

1

**WHEREAS**, the Court finds that the relief set forth in the Order is necessary and appropriate for the benefit of investors who may have been injured as a result of the conduct alleged in this lawsuit; and

**WHEREAS**, the Court is authorized to grant the relief set forth in the Order pursuant to the Federal Rules of Civil Procedure, its general equitable authority and also pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)]:

**I.**

**IT IS HEREBY ORDERED** that the Commission's Motion is hereby **GRANTED**.

**II.**

**IT IS HEREBY FURTHER ORDERED** that Farah and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## III.

**IT IS HEREBY FURTHER ORDERED** that Farah and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are preliminarily enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange,

  (a)  employing any device, scheme or artifice to defraud;

  (b)  obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in the offer or sale of any securities.

## IV.

**IT IS HEREBY FURTHER ORDERED** that Farah and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who

receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are preliminarily enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by directly or indirectly, by the use of the means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    (a)    selling securities through the use or medium of a prospectus or otherwise, or carrying or causing to be carried securities for the purpose of sale or for delivery after sale, without a registration statement in effect as to the securities; or

    (b)    offering to sell or offering to buy through the use or medium of a prospectus or otherwise securities for which a registration statement has not been filed.

## V.

**IT IS HEREBY FURTHER ORDERED** that Farah and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, and each of them, are prohibited from soliciting, accepting or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

## VI.

**IT IS HEREBY FURTHER ORDERED** that Farah and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby preliminarily enjoined

from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Farah, Donald E. Dodge, Financial Resources Mortgage, Inc., C L and M, Inc., Center Harbor Christian Church, Dodge Financial, Inc., Greatland Project Development, Inc., or the misconduct described in the Complaint.

## VII.

**IT IS HEREBY FURTHER ORDERED** that discovery shall proceed in accordance with the Federal Rules of Civil Procedure, provided however that, without the requirement of a meeting pursuant to Rule 26(f), the Commission may proceed to obtain the production of documents, and take discovery by other means authorized by the Federal Rules of Civil Procedure.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that this Order shall remain in effect until entry of a Final Judgment in, or other final disposition of, this action.


Dated: June 16, 2010          /s/ Paul Barbadoro
                              UNITED STATES DISTRICT JUDGE


  cc:   Counsel of Record